UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>JASON CORBETT and PATRICK BRADY,<br><br>Defendants. | No.  2:19-cr-107-KJM-EFB P<br><br><br><br>PRESERVATION ORDER |

Defendants Corbett and Brady ("defendants"), through their counsel, have filed a request for preservation of evidence.  The request seeks preservation of surveillance video that was taken in the Sacramento County Jail.  ECF No. 652.  No response has been filed by the government.  The court has reviewed the request and finds it to be adequately supported.

## Background

Defendants are charged, *inter alia*, with engaging in a racketeering conspiracy.  The indictment alleges that the defendants they have participated in one or more homicides and conspiracies to commit homicides on behalf of a racketeering enterprise described as the "Aryan Brotherhood."  (Indictment, ¶¶ 13, 22, 23, 31, 38, 41, 43, 51)

/////

The district court previously appointed both trial counsel and learned counsel to represent each of the defendants in light of the fact that they are charged with conduct which would be punishable by death if the government were to file a superseding indictment alleging violations of 18 U.S.C. § 1959(a)(1). The government has not yet brought such a superseding indictment and there currently is no trial date set. Further, defendants have represented that the government, at this point, has not communicated to them any deadlines associated with the Capital Case Review Process that is set forth in the Justice Manual, Title 9-10.000 *et seq*. ECF No. 652 at 2.

Defendants have sought a subpoena pursuant to Federal Rule of Criminal Procedure 17(c) which, if issued, would compel the Sacramento County Sheriff to produce to the court copies of images captured on institutional security cameras in pod 400 of unit 8 West on September 30, 2020. The application presents the following facts:

> 1) On September 30, 2020 legal mail arrived for defendant Corbett at the Sacramento County Jail, where he and defendant Brady are both detained.
>
> 2) A correctional officer at the Sacramento County Jail brought the mail to Mr. Corbett's cell and attempted to open the food tray slot in order to pass the mail to Mr. Corbett, but was unable to open the food tray slot and instead passed the mail under the door to Mr. Corbett.
>
> 3) A short time later, defendant Brady passed by Mr. Corbett's cell on the way to the unit's day room and noticed that a set of keys had been left in the locking mechanism on the food tray slot on the door to Mr. Corbett's cell.
>
> 4) Mr. Brady alerted Mr. Corbett to this situation and then utilized the nearest intercom to ask the jail's control unit to send a correctional officer deputy to the 400 pod as soon as possible.
>
> 5) When the correctional officer arrived, Mr. Brady provided the keys to the officer.
>
> 6) Counsel for defendants Corbett and Brady have asked the Sacramento County Jail, through written correspondence, to preserve security camera recordings of these events and to produce a copy of said recordings to them, but the Sacramento County Jail has not responded to this request.

ECF No. 652 at 2. In the interim, defendants seek an order preserving the relevant video footage.

/////

/////

2

Analysis

The court has the inherent authority to order a third party to preserve evidence, provided it does so with restraint and discretion. *Bright Solutions for Dyslexia, Inc. v. Doe*, 15-cv-01618-JSC, 2015 U.S. Dist. LEXIS 117252, at *2 (N.D. Cal. Sept. 2, 2015); *accord*, *Arkin v. Gracey-Danna, Inc.*, 16-cv-1717-T-35AAS, 2016 U.S. Dist. LEXIS 96042, at *3 (M.D. Fla. July 22, 2016); *Deggs v. Fives Bronx, Inc.*, 19-406-BAE-EWD, 2020 U.S. Dist. LEXIS 101955, at *4-5 (M.D. La. June 11, 2020).

Before a preservation order is issued, the movant must show that there is a significant concern that potentially relevant evidence will be destroyed, thereby causing harm to the movant. *CenturyLink, Inc. v. Alpine Audio Now, LLC*, 2016 U.S. Dist. LEXIS 5633 at *3 (Dist. Colo. Jan. 15, 2016). "In determining whether a preservation order is necessary to reinforce a party's pre-existing duty to preserve evidence, courts have considered: '(1) the level of concern the court has for the continuing existence and maintenance of the integrity of the evidence in question in the absence of an order directing preservation of the evidence; (2) any irreparable harm likely to result to the party seeking the preservation of the evidence absent an order directing preservation; and (3) the capability of an individual, entity, or party to maintain the evidence sought to be preserved.'" *Bright Sols. for Dyslexia, Inc.* at *6-7 (quoting *Echostar Satellite LLC v. Freetech, Inc.,* No. C-07-06124 JW, 2009 U.S. Dist. LEXIS 131412, at * 8 (N.D. Cal. Jan. 22, 2009)).

As applied here, the court finds that, absent a preservation order, there is a significant possibility that the Sacramento County Jail may not "maintain the integrity of the evidence in question," since it is not a party to the underlying criminal action and has no duty to do so. Additionally, there is strong likelihood that jail surveillance video is erased on a periodic basis, and the evidence at issue here may not be imminently utilized in these proceedings.

Next, the court finds that if the original surveillance video is not preserved, the defendants will suffer irreparable harm because it cannot be replicated by other means. Witnesses capable of describing the incident may become unavailable or their memories may fade. Additionally, there is an objective quality to video footage that no witness can replicate. The defendants, in their sealed Rule 17(c) application, have established the materiality of this evidence to the future

3

litigation of this matter, as well as how the destruction of this evidence may impact their ability to defend against the action.

Finally, the court is confident that the Sacramento County Jail is capable of maintaining the evidence sought to be preserved at minimal burden and cost.

## Conclusion

Accordingly, while it is not yet prepared to grant or deny the subpoena and will schedule further proceedings concerning that issue, the court concludes that it has the inherent authority to order the Sacramento County Sheriff to immediately take steps to preserve the evidence at issue and to ensure its continuing availability in these proceedings.

Accordingly, it is ORDERED that:

1. The Sacramento County Sheriff is ordered to preserve a copy of the September 30, 2020 surveillance video of 8 west, pod 400 in the Sacramento County jail for future litigation.

2. Counsel for the defendants shall serve this order on the Sacramento County Sheriff forthwith and shall file a proof of service with the court after doing so.  Upon the filing of the proof of service, the court will schedule further proceedings at its discretion.

DATED:  October 28, 2020.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE