UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>RONALD YANDELL, et al.,<br><br>Defendants. | No. 2:19-cr-00107 KJM<br><br><br><br>ORDER |

Before the court is defendant Pat Brady's motion for bill of particulars, filed on November 2, 2021. (ECF No. 914.) Defendant Jason Corbett joins in Defendant Brady's motion. (ECF No. 923.) The government filed opposition to the motion on November 24, 2021. (ECF No. 939.) Defendant Brady filed a reply to the opposition on December 1, 2021. (ECF No. 944.) A hearing on the motion was held before the undersigned on December 8, 2021, and the motion was taken under submission. (ECF No. 952.) As discussed below the motion is denied.

**BACKGROUND**

**I.   Defendant Brady**

The indictment alleges that defendant Brady is a member of the Aryan Brotherhood ("AB") (ECF No. 25 at 7) and that the AB is a criminal enterprise (Id. at 3). Defendant Brady is charged in Count One with conspiracy to participate in a racketeer influenced corrupt organization in violation of 18 U.S.C. § 1962(d). (Id. at 7-8.) Defendant Brady is also named in

1

Special Sentencing Factor Eleven of Count Eleven.  (Id. at 12.)  Special Sentencing Factor Eleven alleges that defendant Brady and defendant Corbett "did unlawfully, willfully, and intentionally, and with deliberation and premeditation, kill Donald Pequeen, with malice aforethought, in violation of California Penal Code [§§] 187, 189, and 31."  (Id.)

## II. Defendant Corbett

The indictment alleges defendant Corbett is an associate of the AB.  (Id. at 3.)  Defendant Corbett is also charged in Count One of the indictment (Id. at 7-8) as well as Special Sentencing Factor Eleven of that count (Id.).  In addition, defendant Corbett is also named in two additional special sentencing factors related to Count One: (1) Special Sentencing Factor Six which alleges that defendant Corbett, along with co-defendant Robert Yandell, "did unlawfully, willfully, and intentionally conspire with each other and others to kill [AB] associate Paul Diaz, with deliberation, premeditation and malice aforethought" in violation of California Penal Code §§ 182 and 187 (Id. at 10-11); and (2) Special Sentencing Factor Nine which alleges defendant Corbett, along with others, "did unlawfully, willingly, and intentionally, with deliberation and premeditation, kill Doug Maynard, with malice aforethought, in violation of California Penal Code [§§] 187, 189, and 31" (Id. at 11).  Defendant Corbett is further charged with one count of conspiracy to commit murder in aid of racketeering in violation of 18 U.S.C. § 1959(a)(5) (Id. at 14) and one count of conspiracy to distribute and possess with intent to distribute methamphetamine or heroin in violation of 21 U.S.C. § 846 and 21 U.S.C. § 841(a)(1) (Id. at 17-18).

## III. Motion for Bill of Particulars

In the motion for bill of particulars, Defendant Brady claims that the indictment is too vague to allow the defendants to prepare a defense to the charges against him.  (ECF No. 914 at 6.)  Defendant Brady asserts that the indictment fails to provide defendants with adequate information regarding the nature of the charges against him including: "the date and time of the conspiratorial agreement, the particulars of his joining in that agreement (including the location where it was reached, the persons present at the time, the form of the alleged agreement, the precise words or conduct by which he entered the agreement)."  (Id. at 12.)  Defendant Brady also

claims that the indictment is insufficient as it does not establish when an agreement was made, the identities of defendant's co-conspirators, or defendant's motivation for joining the conspiracy. (Id.) Defendant also notes that Count One covers an alleged conspiracy involving a large number of illegal activities, only some of which defendant is alleged to have participated him. (Id. at 10.) Defendant Brady claims that, as a result of this, "[he] is left with little information to inform him of the precise nature of the charges." (Id.)

In his motion, defendant Brady requests a bill of particulars to obtain the following information related to Count One:

(a) the date and time the claimed conspiratorial agreement occurred;
(b) the date and time when Mr. Brady actually joined in the alleged conspiratorial agreement;
(c) the location(s) where the alleged agreement was reached;
(d) the persons present when the agreement was reached;
(e) the form the alleged agreement took;
(f) the precise words or conduct by which Mr. Brady entered into the charged conspiracy;
(g) any statements or acts that demonstrate Mr. Brady's association or affiliation with the charged enterprise;
(h) the person(s) who Mr. Brady and the other name defendants allegedly agreed to kill (if anyone other than Donald Pequeen, who is the subject of Special Sentencing Factor Number 11);
(i) the motive attributed to Mr. Brady for the alleged killing of Donald Pequeen (or any other person) and the government's theory as to how the alleged killing of Pequeen (or any other person) "enhanced" Mr. Brady's association with the charged enterprise;
(j) where, other than in the Eastern District of California, the alleged conspiracy occurred;
(k) the names and addresses of all alleged co-conspirators not named in the indictment who are described as "… others known and unknown …" in paragraph 20 of the indictment;
(l) specification of the "multiple acts involving murder" alleged in paragraph 31, sub-part a, of the indictment, i.e., who was killed, when, where and how;
(m) specification of the "multiple acts involving bribery" alleged in paragraph 31, sub-part b, of the indictment, i.e., who was bribed, when, where and how;
(n) specification of the "multiple acts involving offenses involving drug trafficking" alleged in paragraph 31, sub-part c, of the indictment, i.e., what drugs were trafficked, when, where and how;
(o) specification of the "multiple acts" "relating to racketeering"

3

      alleged in paragraph 31, sub-part d of the indictment, i.e., what acts related to racketeering occurred, when, where and how;
(p) specification of the "multiple acts" "relating to interstate transportation of stolen motor vehicles" alleged in paragraph 31, sub-part e, of the indictment, i.e., what acts relating to interstate transportation of stolen motor vehicles occurred, when, where and how;
(q) if Mr. Brady's alleged role in the conspiracy changed over time, how and when did his role change over time;
(r) specification of each act that allegedly committed by Mr. Brady during his participation in the claimed conspiracy and who was present when he committed each such act;
(s) whether it is claimed that Mr. Brady has continued in his alleged participation in the conspiracy "noticed" in paragraphs 31-32 of the indictment since his arrest and, if so, how it is alleged that he has done so.

(ECF No. 914 at 2-3.) As it relates to Special Special Sentencing Factor Eleven, defendant requests a bill of particulars to obtain the following information:

(a) the date and time when the claimed conspiratorial agreement to kill Donald Pequeen actually occurred;
(b) who was present at the time of this agreement;
(c) the location(s) where the asserted agreement to kill Pequeen was reached;
(d) the person(s) present when the agreement to kill Pequeen was reached;
(e) the form the supposed agreement to kill Pequeen took;
(f) the precise words or conduct by which Mr. Brady ostensibly entered into such a conspiracy to kill;
(g) where, other than in the Eastern District of California, the alleged conspiracy to kill Pequeen occurred;
(h) Mr. Brady's alleged role in the conspiracy to kill Pequeen, including his role over time, if the government alleges that his role changed over time;
(i) identification of the person from whom Mr. Brady received income that was derived, directly or indirectly, from a pattern of racketeering activity or through collection of an unlawful debt in which such person has participated as a principal within the meaning of 18 U.S.C. § 2;
(j) identification of the person from whom Mr. Brady received income;
(k) identification of the amount of income Mr. Brady received;
(l) specification as to how Mr. Brady conspired to use or invest, directly or indirectly, any part of such income, or the proceeds of such income, in acquisition of any interest in, or the establishment or operation of, any enterprise which is engaged in, or the activities of which affect, interstate or foreign

4

commerce;

(m) specification as to how Mr. Brady, through a pattern of racketeering activity or through collection of an unlawful debt, acquired or maintained, directly or indirectly, any interest in or control of the alleged Aryan Brotherhood enterprise;

(n) specification of how Mr. Brady conducted or participated in the conduct of the AB's affairs through a pattern of racketeering activity or collection of unlawful debt.

(o) Specification of how Mr. Brady conspired to violate the provisions of subsection (a), (b) or (c) of 18 U.S.C. § 1962

(ECF No. 914 at 4-5.)

Defendant Corbett requests the same information as Defendant Brady, though he also requests it with regards to Counts Four and Twelve as well as Special Sentencing Factors Six and Nine. (ECF No. 923 at 3-8.) Defendant Corbett's joinder contains no additional substantive legal argument. (See ECF No. 923.) As such, the argument in Defendant Brady's motion serves for both defendants.

**LEGAL STANDARD**

Under Rule 7(f) of the Federal Rules of Criminal Procedure, "the court may direct the government to file a bill of particulars." A bill of particulars serves three purposes: "to inform the defendant of the nature of the charge against him with sufficient precision to enable him to prepare for trial, to avoid or minimize the danger of surprise at the time of trial, and to enable him to plead his acquittal or conviction in bar of another prosecution for the same offense when the indictment itself is too vague, and indefinite for such purposes." United States v. Ayers, 924 F.2d 1468, 1483 (9th Cir. 1991) (quoting United States v. Giese, 597 F.2d 1170, 1180 (9th Cir. 1979)). Federal trial courts are granted broad discretion when ruling on a motion for bill of particulars. Will v. United States, 389 U.S. 90, 99 (1967).

When considering whether to order the government to file a bill of particulars, the court considers not only the adequacy of the charges in the indictment but also "all other disclosures made by the government." United States v. Long, 706 F.2d 1044, 1054 (9th Cir. 1983) (citing Giese, 597 F.2d at 1180.) A bill of particulars is not intended to be used as a discovery tool or a way to access the government's evidence. Giese, 597 F.2d at 1181. While defendants do not

5

have a right to know all of the government's evidence, they are entitled to know the theory of the government's case. Id.

## DISCUSSION

### I. The Indictment

Based solely on the allegations contained in the indictment filed by the government, a bill of particulars is not warranted. The indictment sets forth specific date ranges for when each charge occurred (see e.g., ECF No. 25 at 7), establishes a location each charge occurred (see e.g., id.), identifies alleged co-conspirators (see e.g., id. at 8), and identifies the activities which allegedly constitute a violation of law (see e.g., id.). The indictment also contains additional information in the Special Sentencing Factors for Count One, co-conspirators to specific acts, alleged acts which violated the law, and dates for those incidents. (see e.g., id. at 12.)

Defendant Brady argues that the date ranges provided by the government in the indictment are overbroad as they do not identify the date when the defendants are alleged to have joined the conspiracy as well as "the particulars of his joining in that agreement (including the location where it was reached, the persons present at the time, the form of the alleged agreement, the precise words or conduct by which he entered the agreement)." (ECF No. 914 at 12, see also ECF No. 945 at 7.) In his reply, defendant argues that the present case should be seen as similar to United States v. Ranieri, 17-cr-00533-EMC, 2019 WL 3842092 (N.D. Cal. Aug. 15, 2019).[1]

In Ranieri, the Northern California District Court ordered a bill of particulars partly on the basis that the indictment did not specify a "discrete time frame." Id. at *2 n.8. Instead, the indictment in Ranieri vaguely alleged the existence of a conspiracy "since at least the mid-1990's and continuing up and through and including the present." Id. This is distinguished from Northern District Court in United States v. Ellis, 121 F. Supp. 3d 927 (N.D. Cal. 2015) by the court in Ranieri. Id.

////

---

[1] Defendant Brady appears to have erroneously cited to Ranieri as "United States v. Jonathan Joseph Nelson, et al." However, as plaintiff included the case number, date, and multiple quotes from this case, it is apparent that he intended to cite Ranieri.

6

In <u>Ellis</u>, the district court ruled that an indictment that identified beginning and end dates to an eight-year conspiracy was "sufficient to apprise each defendant of the charges against him, enable him to prepare a defense, and to avoid double jeopardy on the same charge." <u>Id.</u> at 939-40. The court in <u>Ellis</u> also restated that "a bill of particulars is not warranted to provide the following kinds of details: '(1) to obtain the names of any unknown coconspirators; (2) to determine the exact date on which the conspiracy allegedly began; and (3) to delineate all other overt acts that comprised the charged activity.'" 121 F. Supp. 3d at 940 (quoting <u>United States v. DiCesare</u>, 765 F.2d 890, 897–98 (9th Cir. 1985)).

Looking solely at the information in the indictment, the present case presents facts that are far more similar to those found in <u>Ellis</u>. Here, the indictment states a clear date range for when each charge occurred. (<u>See</u> ECF No. 25 at 7-18.) For example, Count One provides a less than eight-year range for the alleged conspiracy stating that it "[began] at a date unknown to the Grand Jury, but no later than in or around October 2011, and [continued] to in or around June 2019." (<u>Id.</u> at 7.) This time period is similar to the eight-year range provided by the indictment in <u>Ellis</u>. (<u>Id.</u>) It is also similarly bound by beginning and end dates to the conspiracy. (<u>Id.</u>) Though defendant Brady wishes for an exact start date to conspiracy, as well as the beginning plaintiff's involvement in the conspiracy, this is not information he is entitled to via a bill of particulars. <u>DiCesare</u>, 765 F.2d at 897-98. Similarly, defendant's request for the names of unknown co-conspirators do not warrant a bill of particulars. <u>Id.</u>

The indictment also provides allegations related to location, specific conspiratorial acts by defendants, and the co-conspirators involved. Thus, the indictment appears to adequately appraise defendants of the charges against them so as to allow defendants to prepare a defense, prevent surprise, and protect against double jeopardy. <u>Ayers</u>, 924 F.2d at 1483.

**II.    The Complaint**

Even if the indictment were more threadbare in necessary information, the government's one hundred forty three-page complaint would still provide plaintiff with more than ample information to inform defendants of the charges against them. The complaint contains allegations that summarize the details of the conspiracies as well as the specific actions taken by each

7

defendant. (See ECF No. 1 at 9-132.) For example, the complaint provides summaries of phone calls between defendant Brady, defendant Corbett, and other alleged co-conspirators. (See e.g., id. at 116.) These calls, and numerous other alleged facts in the complaint, purportedly show the existence of a conspiracy and the defendants' participation in the alleged conspiracy. (See e.g., id. at 116.) The complaint even contains a table identifying on what pages info related to each defendant can be found. (See id. at 139-142.)

As a disclosure made by the government, the information in the complaint must also be considered to determine if the court should order a bill of particulars. Long, 706 F.2d at 1054. Thus, the indictment and complaint appear more than sufficient to provide the defendants with sufficient information to understand the nature of the charges against them, minimize surprise, and prevent double jeopardy. Ayers, 924 F.2d at 1483.

### III.   Discovery

The government claims to have already produced extensive discovery to the defense. (ECF No. 939 at 6.) Though the indictment and complaint already appear to fully inform defendants of the charges, "[f]ull discovery also obviates the need for a bill of particulars." Giese, 597 U.S. at 1180.

Given the above, it appears a bill of particulars is not warranted in this case. Defendants have been provided with sufficient information through the indictment and the complaint to provide the defendants with notice, prevent undue surprise, and protect against double jeopardy. Ayers, 924 F.2d at 1483.

### CONCLUSION

For the reasons set forth above, defendant Brady's motion for bill of particulars (ECF No. 914) and defendant Corbett's joinder (ECF No. 923) are DENIED.

Dated:  December 13, 2021

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

DB:14
DB/DUTY.ORDERS/brad0107.bop