UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| United States of America, | No. 2:19-cr-00107-KJM |
| Plaintiff, | ORDER |
| v. | |
| Pat Brady, | |
| Defendant. | |

Defendants Pat Brady and Jason Corbett move for reconsideration of the Magistrate Judge's order denying their motion for a bill of particulars. The Magistrate Judge identified and applied the correct legal standard and did not clearly err in concluding that the indictment, complaint, and extensive discovery will permit Brady and Corbett to prepare a defense, will avoid surprises at trial, and will prevent a repeat prosecution for the same offense. The motion to reconsider is **denied**.

I.   BACKGROUND

According to the indictment, Brady, Corbett and several other defendants in this case are members of the Aryan Brotherhood, a criminal enterprise. *See* Indictment ¶¶ 1–3, 22–23, ECF No. 25. In the first count, the government alleges Brady and Corbett were part of a racketeering conspiracy that began sometime before October 2011 and continued until about June 2019. *See id.* ¶¶ 30–32. The indictment alleges the defendants committed murder, bribery, and drug

1

trafficking; transported stolen vehicles across state lines; and committed other acts "relating to racketeering." *Id.* ¶ 31.a–e.  The government lists several "special sentencing factors" with the first count, including Brady and Corbett's alleged murder of Donald Pequeen and Corbett's alleged murder of Paul Diaz and Doug Maynard.  *See id.* ¶¶ 38, 41, 43.  The indictment also names Brady and Corbett in a later count for conspiracy to commit murder in aid of racketeering, *see id.* ¶¶ 50–51, and it names Corbett in a count for conspiracy to possess and distribute methamphetamine, *see id.* ¶ 61.  A 143-page criminal complaint and affidavit details these allegations further.  *See generally* Compl., ECF No. 1; Nehring Aff., ECF No. 1.  It includes an index showing what pages include allegations against which defendants, including Brady and Corbett.  *See* Nehring Aff. at 8.

Discovery has been ongoing for more than a year.  In late 2021, the government claimed without objection that it had produced nearly 100,000 audio and video recordings, reports, expert witness notices, data, and other documents.  *See* Opp'n Bill of Particulars at 6, ECF No. 939.  The parties are also currently litigating several discovery disputes, *see, e.g.*, Stip. & Order, ECF No. 1114, and the court has excluded time from accrual under the Speedy Trial Act to allow the defendants to review the "voluminous" discovery in this case, *see, e.g.*, Min. Order, ECF No. 684.

In November 2021, Brady moved for an order requiring the government to file a bill of particulars.  *See generally* Mot., ECF No. 914.  He asked for nineteen categories of more detailed information about the racketeering conspiracy and fifteen categories of information about the special sentencing factor related to the murder of Donald Pequeen.  *See id.* at 2–5.  Corbett later joined the motion and asked for details about more than seventy similar categories of information, but he did not advance any separate legal arguments.  *See generally* Joinder, ECF No. 923.  After briefing was complete, *see generally* Opp'n, ECF No. 939; Reply, ECF No. 945, the matter was referred to a Magistrate Judge under this district's local rules.  The Magistrate Judge held a hearing and denied the motion in a written order.  *See generally* Mins., ECF No. 952; Magistrate Judge's Order (MJ Order), ECF No. 959.  She concluded that a bill of particulars was not warranted based on the detailed charges in the indictment.  *See* MJ Order at 6–7.  She found in the

alternative that the criminal complaint and extensive discovery would suffice if the indictment had fallen short. *See id.* at 7–8.

Brady then moved for reconsideration by the district judge. *See generally* Mot. Recons., ECF No. 969. Corbett joined that motion, again relying on Brady's legal arguments. *See generally* Joinder Recons., ECF No. 976. The government opposes, *see generally* Opp'n Recons., ECF No. 996, and briefing is complete, *see generally* Reply Recons., ECF No. 1008. The court took the matter under submission without a hearing. Stip. & Order, ECF No. 992.

## II.  LEGAL STANDARD

A party may move for reconsideration of a Magistrate Judge's decisions. *See* 28 U.S.C. § 636(b)(1)(A). The district court then determines whether the order "is clearly erroneous or contrary to law." *Id.*; *see also* E.D. Cal. L.R. 303(f). These two standards—"clearly erroneous" and "contrary to law"—apply to different aspects of the magistrate judge's order. The "contrary to law" standard applies to legal determinations, *see, e.g.*, *Computer Econ., Inc. v. Gartner Grp., Inc.*, 50 F. Supp. 2d 980, 983 (S.D. Cal. 1999), such as identifying the correct legal standard and applying statutes, case law, and rules of procedure, *Martin v. Loadholt*, No. 10-00156, 2014 WL 3563312, at *1 (E.D. Cal. July 18, 2014). The district court considers legal questions *de novo*. *See Computer Econ.*, 50 F. Supp. 2d at 983. The "clearly erroneous" standard applies to the magistrate judge's factual determinations and discretionary decisions. *See id.* (citing *Maisonville v. F2 Am., Inc.*, 902 F.2d 746, 748 (9th Cir. 1990)). A decision is "clearly erroneous" if the district court "is left with the definite and firm conviction that a mistake has been committed." *Concrete Pipe and Prods. v. Constr. Laborers Pension Tr.*, 508 U.S. 602, 622 (1993) (quoting *United States v. U.S. Gypsum Co.*, 333 U.S. 364, 395 (1948)). The "clearly erroneous" standard is "significantly deferential." *Id.* at 623. If a decision is "debatable," there is no "clear error." *United States v. Wanland*, No. 13-02343, 2017 WL 3712908, at *3 (E.D. Cal. Aug. 29, 2017).

## III.  DISCUSSION

The Magistrate Judge correctly identified and summarized the legal standard for the defendants' motion. *See* MJ Order at 5–6. Under Rule 7, an "indictment or information must be a plain, concise, and definite written statement of the essential facts constituting the offense

charged." Fed. R. Crim. P. 7(c)(1). The court may order the government to file a bill of particulars if the indictment is vague or indefinite. *See* Fed. R. Crim. P. 7(f); *United States v. Ayers*, 924 F.2d 1468, 1483 (9th Cir. 1991). A bill of particulars can serve several purposes: informing the defendant of the charges with enough detail to prepare for trial, avoiding surprises at trial, and permitting the defendant to "plead his acquittal or conviction in bar of another prosecution for the same offense." *Ayers*, 924 F.2d at 1483 (quoting *United States v. Giese*, 597 F.2d 1170, 1180 (9th Cir. 1979)). A district court has "very broad" discretion when deciding whether to grant or deny a motion for a bill of particulars. *Will v. United States*, 389 U.S. 90, 98–99 (1967).

"In determining if a bill of particulars should be ordered in a specific case, a court should consider whether the defendant has been advised adequately of the charges through the indictment and all other disclosures made by the government." *United States v. Long*, 706 F.2d 1044, 1054 (9th Cir. 1983). "Full discovery also obviates the need for a bill of particulars." *Giese*, 597 F.2d at 1180. But a motion for a bill of particulars is not a discovery device. *Id.* at 1181. As summarized above, it is meant to address vagueness in an indictment, not to discover what evidence the government might use to prove its case. "A defendant is not entitled to know all the *evidence* the government intends to produce but only the *theory* of the government's case." *United States v. Ryland*, 806 F.2d 941, 942 (9th Cir. 1986) (emphases in original). In a conspiracy case, for example, a defendant is not entitled to details about when exactly a conspiracy began, who all of the conspirators were, or all overt acts that made up the alleged conspiracy. *United States v. DiCesare*, 765 F.2d 890, 897–98 (9th Cir.), *amended on other grounds*, 777 F.2d 543 (9th Cir. 1985). "To require the government to set forth every act tending to connect each of the parties charged with the conspiracy, and every act committed by each of the parties in furtherance of the object of the conspiracy, would be to require it to make a complete discovery of its entire case." *Rubio v. United States*, 22 F.2d 766, 767 (9th Cir. 1927).

The Magistrate Judge did not clearly err by deciding that the indictment, complaint, and discovery together permit Brady and Corbett to prepare for and avoid surprises at trial and to avoid a repeat prosecution. The indictment alleges when the conspiracy began and ended, who

participated, its purposes, and several overt acts by the conspirators, including Brady and Corbett. *See* Indictment ¶¶ 6–14, 30–32, 38, 41, 43, 61.  The criminal complaint offers much more detail. It describes how the alleged enterprise is organized, how it operates, what its goals are, and how it exerts influence. *See, e.g.*, Compl. at 17–23.  It describes how Brady and Corbett helped the enterprise achieve its goals. *See, e.g., id.* at 30, 35–36, 79–82, 90–91, 96–97, 108–09, 111–16 & n.20, 131–32.  It repeats some of their statements word for word and to the minute. *See, e.g., id.* at 81–82 (detailing an intercepted text message exchange between Corbett and a codefendant); *id.* at 108 (summarizing an intercepted phone call between Brady and a codefendant).

After reviewing these documents, and given the indisputably massive quantity of discovery the government has produced, the court has no "definite and firm conviction that a mistake has been made." *Concrete Pipe*, 508 U.S. at 622 (quoting *U.S. Gypsum Co.*, 333 U.S. at 395).  It was reasonable for the Magistrate Judge to conclude that the details Brady and Corbett request would amount to an improper attempt to obtain discovery. *See, e.g.*, Mot. Recons. at 3–4 (requesting "the date and time when Mr. Brady actually joined in the alleged conspiratorial agreement; . . . the location(s) where the alleged agreement was reached; . . . the persons present when the agreement was reached; . . . the form the alleged agreement took; . . . the precise words or conduct by which Mr. Brady entered into the charged conspiracy; . . . the names and addresses of all alleged co-conspirators not named in the indictment"; and "if Mr. Brady's alleged role in the conspiracy changed over time, how and when").

Brady relies primarily on two claims of error to argue otherwise.  First, he contends the Magistrate Judge wrongly distinguished a decision by another district court in response to a motion for a bill of particulars. *See* Reply Recons. at 2–4 (citing *United States v. Ranieri*, No. 17-533, 2019 WL 3842092 (N.D. Cal. Aug. 15, 2019)).  He argues *Ranieri* is not meaningfully distinguishable from this case and relies on *Ranieri* to show why the government must disclose specifics about who was present when he joined the conspiracy, what was said, and where, among other information. *See id.*  In *Ranieri*, the indictment alleged the conspiracy had been ongoing for more than twenty-five years but offered "almost no detail by way of allegations against" the defendant who sought a bill of particulars. 2019 WL 3842092 at *2 n.8.  Nothing in *Ranieri*

suggests the defendant had anything like the detailed indictment, lengthy complaint, and extensive discovery Mr. Brady can draw upon here.  The Magistrate Judge did not err by distinguishing *Ranieri* from this case.

Second, Brady argues the Magistrate Judge did not address his argument that he lacks information "about 'multiple acts' of 'bribery,' 'interstate transportation of stolen vehicles,' or 'acts relating to racketeering,'" all alleged in the indictment.  Reply at 4–6 (quoting Indictment at 8).  The Magistrate Judge did not err by rejecting this argument.  The government need not identify "'every act in furtherance of the conspiracy'" and "all other overt acts that comprised the charged activity."  *Ranieri*, 2019 WL 3842092, at *3 (first quoting *United States v. Etienne*, No. 17-00093, 2018 WL 1456658, at *2 (N.D. Cal. Mar. 23, 2018); second citing *United States v. Cerna*, No. 08-0730, 2009 WL 2998929, at *3 (N.D. Cal. Sept. 16, 2009)).  Brady and Corbett have not "specified any prejudice or surprise resulting from the denial of the bill."  *DiCesare*, 765 F.2d at 898.

## IV. CONCLUSION

The motion to reconsider (ECF No. 969) is **denied**.

IT IS SO ORDERED.

DATED:  April 19, 2022.

_____
CHIEF UNITED STATES DISTRICT JUDGE